UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ULICES AMADOR FLORES,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; TODD BLANCE, Attorney General; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement; JESUS ROCHA, Acting Field Office Director, San Diego Field Office; CHRISTOPHER LAROSE, Warden at Otay Mesa Detention Center,

Respondents.

Case No.: 3:26-cv-05369-BTM-BJW

**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF NO. 5]**

Pending before the Court is Ulices Amador Flores's petition for a writ of habeas corpus. For the reasons stated below, the Court grants the petition and orders the Respondents to immediately release Flores.

//

//

## I. BACKGROUND

Petitioner Ulices Amador Flores is a citizen of Honduras. (ECF No. 5-1 ("Decl."), ¶ 1.) He entered the United States in 2000 and was detained by immigration enforcement authorities in 2006 or 2007, put in removal proceedings, and released on bond. (*Id.* ¶ 2.) In 2010, Flores was arrested in New York for felony burglary. (ECF No. 6-1 ("I-213"), 3.) However, the record does not indicate that he was convicted. In 2010, Flores's immigration proceedings were either administratively closed or terminated by an Immigration Judge ("IJ") in New York to allow him to adjust his status because he was married to a U.S. citizen. (I-213, at 3; ECF No. 5 ("Am. Pet."), at 3.) However, Flores never adjusted his status and his previously filed I-485 was denied on June 13, 2012. (*Id.*) On July 2, 2026, in Florida, Flores was a passenger in a vehicle that was stopped by Immigration and Customs Enforcement ("ICE") officers. (I-213, at 3.) He was detained by ICE and issued a warrant for his arrest. (ECF No. 6-1 ("Warrant"), 8.) Flores was transferred to Otay Mesa Detention Center where he has remained detained since July 2026.

## II. LEGAL STANDARD

"A writ of habeas is available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of the custody, and…the traditional function of the writ is to secure release from illegal custody." *Priser v. Rodriguez*, 411 U.S. 475, 484 (1973). Challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) ("Section 2441 habeas proceedings are available as a forum for statutory and constitutional challenges to post-removal-period detention."). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

//

//

//

## III. DISCUSSION

In his amended petition, Flores argues that the Respondents violated his liberty interest when they revoked his bond without notice and an opportunity to be heard. (Am. Pet, 4–6.) The Respondents acknowledge that Flores is detained under § 1226(a). (ECF No. 6 ("Return"), 2.) A noncitizen subject to detention under § 1226(a) may be detained in one of two ways. First, "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). Or, under § 1357(a), without a warrant, if there is reason to believe that the noncitizen is in violation of a law or regulation and is likely to escape before a warrant can be obtained for his arrest. 8 U.S.C. § 1357(a). The Respondents oppose Flores's immediate release and instead argue that he is only entitled to a bond hearing because he was issued a warrant. (Return, 3–4.)

8 C.F.R. § 236.1(b)(1) provides that "[a]t the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the [noncitizen] may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest." 8 C.F.R. § 236.1(b)(1). The plain language of the regulation establishes that the Respondents' authority to issue a Form I-200 Warrant of Arrest begins *after* a Notice to Appear ("NTA") is issued. *Mudiyanselage v. Warden California City Detention Facility*, No. 26-cv-2969, 2026 WL 2364505, at *5 (E.D. Cal. Aug. 14, 2026). Here, even though a warrant was issued on July 2, 2026 for Flores's arrest, the Respondents have not produced a NTA that was issued prior to the warrant.

The Respondents contend that Flores's immigration proceedings were "dismissed or terminated" around 2010. (I-213, 3.) Flores states that his immigration proceedings were administratively closed around 2006 or 2007. (Am. Pet., 2–3.) The distinction is important because the mechanisms for reinitiating removal proceedings differ for each. If Flores's case was terminated, if the Respondents wish to re-detain Flores, they would need to file a motion to reopen before an IJ in accordance with 8 C.F.R. § 1003.23(b). In that scenario, Flores's original NTA would no longer have been valid, and a new NTA would need to be issued. If his case was administratively closed, the Respondents would have to file a

motion to recalendar pursuant to 8 C.F.R. § 1003.18(c)(2) and have it granted by an IJ pursuant to 8 C.F.R. § 1003.18(c)(3). In that situation, Flores's original NTA would be suspended until the motion to recalender was granted at which point it would become operative.

Regardless of whether Flores's case was terminated or administratively closed, there is no evidence before the Court that his case was reopened or recalendered. Thus, his original NTA could not provide the basis for his July 2, 2026 warrant. Therefore, the Court finds that Flores was detained pursuant to a warrant that was not issued after a NTA, in violation of the statute and regulation. Given this, the Court finds the risk of erroneous deprivation is high because Flores was not afforded the procedural protections required by the statute. The Court adopts its previous decision in *Tulyakov v. LaRose*, No. 26-cv-01695, 2026 WL 981218 (S.D. Cal. Apr. 13, 2026), to find that—in light of the *Mathews v. Elridge* factors—Flores's liberty interest and the procedural protections afforded that interest outweigh the Respondents' enforcement interest. *See* 424 U.S. 319, 334–35 (1976). Moreover, the Respondents do not contend that Flores is a danger to the community or a flight risk. (ECF No. 10, at 3.)

## IV. CONCLUSION

The petition for a writ of habeas corpus is **GRANTED** and the writ is **ISSUED**. The Respondents shall immediately release Flores from custody on any preexisting conditions. The Respondents shall provide reporting instructions to Flores. Should the Respondents attempt to revoke Flores's bond in the future, it must follow the regulations for recalendering an administratively closed case or reopening a terminated case. The parties shall file a joint statement as to the satisfaction of the writ by November 10, 2026, at 5 p.m. The Court retains jurisdiction to enforce the writ.

**IT IS SO ORDERED.**

Dated: November 9, 2026

Honorable Barry Ted Moskowitz
United States District Judge